UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RODIDACO, INC.                              CIVIL ACTION NO. 18-cv-0316

VERSUS                                      JUDGE DOUGHTY

CHESAPEAKE ENERGY LOUISIANA CORP.           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Rodidaco, Inc. filed suit in state court against Chesapeake Energy Louisiana Corporation ("CELC") for damages and attorney's fees in connection with a right-of-way dispute. CELC removed the case based on an assertion of diversity jurisdiction. It alleged in its notice of removal that Rodidaco is a Louisiana corporation with its principal place of business in Louisiana. CELC alleged that it is an Oklahoma corporation with its principal place of business in Oklahoma.

Rodidaco has filed a Motion for Leave to File Amended Complaint (Doc. 21) that proposes to add four new defendants. Each new defendant is either a limited partnership or limited liability company. The proposed amended complaint alleges the state of organization for each entity and the state in which the principal place of business is located for two of the entities. The description of two of the new defendants states that they have no known partners or members in Louisiana. The citizenship allegations in the proposed amended complaint are not adequate for this court to ensure that it would have subject-matter jurisdiction if the proposed amendment were allowed.

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

When a partnership is a party, the court must consider the citizenship of each partner, whether limited or general. Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990). The Carden rule applies to common law limited partnerships and a Louisiana partnership in commendam. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1994); Newport Limited v. Sears, Roebuck and Co., 941 F.2d 302 (5th Cir. 1991). If partners are themselves partnerships, LLC's or other form of association, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. Mullins v. Testamerica, Inc., 300 Fed. Appx. 259 (5th Cir. 2008) (court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership).

A general allegation that no members or partners share citizenship with an opposing party is inadequate. Members and partners must be identified and have their citizenship alleged with specificity even when that task is burdensome. Moran v. Gulf South Pipeline Co., LP, 2007 WL 276196 (W.D. La. 2007) (collecting cases that required specificity of limited partners despite there being thousands of them or their interests being miniscule); Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. 2006) (requiring specificity even though partnership shares were publicly traded and identities of owners changed often based on trades). See also Mullins, 300 Fed. Appx. at 260 (party's stated belief that none of the entities had members and partners in Texas "falls manifestly short of distinctly and affirmatively alleging [a partnership's] citizenship").

Plaintiff's **Motion for Leave to File Amended Complaint (Doc. 21)** is **denied without prejudice** to filing a new motion, by **August 14, 2018**, that is accompanied by a proposed amended complaint that contains all necessary citizenship information. Counsel for CELC, to the extent they have a relationship to the proposed new defendants, are directed to assist in promptly gathering the necessary information and sharing it with counsel for Rodidaco. If Rodidaco is not able to gather all citizenship information for the proposed new defendants, the motion should set forth what information is known and what could not be determined.

The court will then assess whether the proposed amendment should be allowed, given the risk that an unidentified Louisiana member or partner could be discovered later, which would destroy diversity and require remand to state court. If Rodidaco determines that the proposed amendment would destroy diversity, the motion for leave to amend must

be accompanied by a brief that addresses the factors set forth in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987) that apply when an amendment would destroy diversity.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of July, 2018.

Mark L. Hornsby
U.S. Magistrate Judge